■ In the Matter of the Estate of ALEXANDER SHORALL, Deceased.  WILLIAM A. BACAS et al., Respondents; EVA KAPETAN et al., Appellants.— Appeal from an order of the Surrogate's Court of Warren County, entered June 10, 1974, which precluded appellants from offering any evidence at the trial of this proceeding on any matters concerning fraud and undue influence practiced upon the decedent.  On November 3, 1973, Alexander Shorall died and, five days later, his purported last will and testament was offered for probate by the respondents who are named as executors therein.  Thereafter, on February 13, 1974, the appellants filed notices of appearance and objections to probate, citing the decedent's testamentary incapacity and fraud and undue influence practiced upon him in the execution and publication of the purported will as grounds of the contest.  Pursuant to CPLR 3016 (subd. [b]) respondents then moved to strike the appellants' pleadings for failure to set out in detail the fraudulent acts allegedly involved, but the trial court denied the motion and ruled that the details could be obtained by a bill of particulars.  A demand for a bill was therefore served upon the appellants on February 28, 1974 and, when they failed to respond within the prescribed time, the respondents moved for a preclusion order on March 23, 1974.  With the proviso that the appellants could still serve a bill in compliance with the respondents' demand within 20 days after being served with a copy of the preclusion order, the trial court granted it conditionally on April 3, 1974.  On that same day, the appellants served an interim bill, and it proved to be unsatisfactory to the respondents, who informed the appellants that a final order of preclusion would be sought if more particularity was not forthcoming.  When a more detailed bill was then not provided, the respondents obtained a final order on May 8, 1974 after a hearing at which the appellants stated that the bill could not be completed until the attesting witnesses were examined.  On this appeal the appellants challenge the subsequent order of the Surrogate's Court noted above which was granted after they were permitted to reargue their case and file a memorandum of law.  In its decision thereon, the court noted that, until the hearing on May 8, 1974, no request was made to examine the attesting witnesses who were available at all times, nor was there any indication that the appellants lacked sufficient information to respond to the demand.  We have examined the bill submitted by the appellants and agree with the trial court that it contains "mere allegations" which fail to adequately indicate the nature of false statements allegedly made or of actions allegedly constituting undue influence.  Nebulous assertions, such as the claim that the decedent was unduly influenced by false statements of respondent Louis Demos during the years 1970 and 1971, clearly do not fulfill the purpose of a bill of particulars by amplifying the pleadings or limiting the proof (see *Belott* v. *State of New York*, 40 A D 2d 729; 6 Carmody-Wait 2d, N. Y. Practice, § 36:3).  However, in the interests of justice and so that there may be a resolution of this matter on the merits, we will allow the appellants 10 days to. correct the defects in their response to the bill.  Order modified, on the law and the facts, so as to allow appellants 10 days within which to correct the defects in their response to the respondents' demand and, in the event appellants fail to correct the defects within said 10 days, an order of preclusion may be entered, and, as so modified, affirmed, with costs and attorney's fees on appeal chargeable to appellants.  Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.